# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

JAMES W. NEWTON, JR.,           )
                                )
    Plaintiff,                  )
                                )
v.                              )   Case No. CV415-153
                                )
FOOD LION, LLC,                 )
JEFF MULLINGS,                  )
MIKE CEROTTI,                   )
                                )
    Defendants.                 )

## REPORT AND RECOMMENDATION

"Employers covered by Title VII of the Civil Rights Act of 1964 may not 'fail or refuse to hire or . . . discharge any individual, or otherwise ... discriminate against any individual . . . because of such individual's race.' 42 U.S.C. § 2000e-2(a)(1)." *Flowers v. Troup Cnty., Ga., Sch. Dist.*, ___ F. 3d ___, 2015 WL 6081186 at * 1 (11th Cir. Oct. 16, 2015). Proceeding *pro se*, James W. Newton, Jr. has filed a race-based, employment discrimination case against Food Lion, LLC and two individuals. Doc. 1.[1]

---

[1] The Court has amended the caption of this case. Plaintiff's name originally appeared on the docket caption as "James Newton," which is what he wrote on his Complaint. Doc. 1 at 1. But he used the name James W. Newton, Jr. in 1999, when

He also moves for leave to proceed *in forma pauperis* ("IFP") and for appointment of counsel. Doc. 2. Finding him indigent, the Court **GRANTS** his motion to proceed IFP, but his case must be dismissed because it fails to survive screening under 28 U.S.C. 1915(e)(2)(B)(ii) (requires the Court to dismiss at the outset those complaints that fail to state a claim for relief). To state a claim for relief,[2] Newton must plead facts to establish a *prima facie* case:

---

he filed his last Title VII case, *Newton v. Kroger Company*, CV499-152, doc. 22 (S.D. Ga. Apr. 17, 2000) (dismissed pursuant to settlement). Since it assists docket management to maintain consistency, the Clerk is **DIRECTED** to amend the docket caption accordingly, and all subsequent filings shall conform.

[2] Pleading stage claims are analyzed under Fed. R. Civ. P. 8 & 12:

> Rule 8 requires that federal courts give pleadings a liberal reading in the face of a [Rule] 12(b)(6) motion to dismiss. This admonition is particularly true when the parties are proceeding *pro se*. Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. *See, e.g., Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, *see Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991), *or to rewrite an otherwise deficient pleading in order to sustain an action*, see *Pontier v. City of Clearwater*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995).

*GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)(emphasis added); *Butler v. Broward County Cent. Examining Bd.*, 367 F. App'x 992-93 (11th Cir. 2010). Formulaic recitations of a claim's elements will not suffice; every complaint must contain sufficient factual matter which, if accepted as true, states a claim to relief that is plausible on its face. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1301 (11th Cir. 2010); *Grissett v. H.J. Baker Bros.*, 2015 WL 5734452 at * 1 (S.D. Ala. Sept. 30, 2015).

(1) that he is a member of a protected racial class, (2) that he was qualified for the position, (3) that he experienced an adverse employment action, and (4) that he was replaced by someone outside of his protected class or received less favorable treatment than a similarly situated person outside of his protected class.

*Flowers*, 2015 WL 6081186 at *6.

Newton, who "no longer works for" Food Lion, doc. 1 at 3 ¶ 12, claims that:

> [d]uring the period from September 2013 until December 2014 [he] worked as an assistant manager. During this period there was no manager in the grocery department and the meat market department. There were also periods the produce manager was out on injury or for other reasons. During this period [his] job duties involved stocking, supervision of stockers, and order filling, all duties required as a grocery manager. During this period Plaintiff also conditioned department, weighing and packing and date checking. These were the normal duties of the market manager. During the periods in which the produce manager was not there[, Newton] was responsible for date checking, supervision and keeping stock on sales floor. These duties were provided over an extended period of time. Instead of promotional consideration during this period [he] was instead dismissed by minor task not being completed. [He claims he] was harassed and falsely accused of failure to perform. Another assistant manager was brought in and [he] was replaced.

Doc. 1 at 3 ¶ 10. The core of Newton's claim: "I believe that I was discriminated against because of: a) my race or color, which is Black or African American, b) a pattern or practice of my employer that I believed violated the federal antidiscrimination." *Id.* at 3 ¶ 10.

Being an African-American places Newton in a protected class (element (1)). He also alleges elements (2) and (3) -- that he was qualified and suffered an adverse employment action. But he fails to allege comparator facts (element (4)). *See Flowers*, 2015 WL 6081186 at *10 ("In order to use comparators to support an inference of race discrimination in the context of workplace discipline, a plaintiff must show that the comparators' alleged misconduct is nearly identical to the plaintiff's in order 'to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges.") (quotes and cite omitted); *Thomas v. Dep't of Corrs.*, 377 F. App'x 873, 879-80 (11th Cir. 2010). Newton fails to plead that Food Lion replaced him with someone outside of his protected class. The omission is fatal to his case.

His complaint is also defective in another respect. He names individual defendants, but employment discrimination suits are only permitted against an employer, not against a supervisor in his individual capacity. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act."), cited in *Pouyeh v. UAB Dep't of Ophthalmology*, 2015 WL

5125656 at *3 (11th Cir. Sept. 2, 2015). They thus would be dismissed even if this case survived screening.

Since Newton has failed to state a claim for relief, this case should be **DISMISSED**, though he is free to move for leave to amend (if in good faith he truthfully can allege comparator facts) within the 14-day Objection period set forth in Fed. R. Civ. P. 72(b)(2).[3]

**SO REPORTED AND RECOMMENDED**, this 26TH day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] The Court **DENIES** his motion for appointment of counsel, doc. 2, as it will not pressure a lawyer to step forward on a case that is basically dead on arrival. See Williams v. Grant, 639 F. Supp. 2d 1377, 1381 (S.D. Ga. 2009) (noting the "professional compulsion" lurking behind a judge's 28 U.S.C. § 1915(e)(1) request).