# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES W. NEWTON, JR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV415-153 |
| FOOD LION, LLC, JEFF MULLINGS, MIKE CEROTTI, | ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

The Court **VACATES** its October 26, 2015 Report and Recommendation ("R&R"), doc. 3, in which it advised that James W. Newton, Jr.'s Title VII case against Food Lion, LLC and two individual defendants be dismissed.[1] There the Court invited Newton to plead additional facts, and he has done so. Doc. 9 ("Objection"). Newton, an African-American, says his employer fired him because of his race and, he now pleads, replaced him with a white male. Doc. 9 at 1-2. That fills

---

[1] Under the Civil Rights Act of 1964, an employer subject to that Act may not 'fail or refuse to hire or . . . discharge any individual, or otherwise ... discriminate against any individual . . . because of such individual's race.' 42 U.S.C. § 2000e-2(a)(1)." *Flowers v. Troup Cty., Ga., Sch. Dist.*, 803 F. 3d 1327, 1330 (11th Cir. 2015).

in the missing "comparator" pleading requirement discussed in the R&R. *See* doc. 3 at 4-5. To that end, the Court **GRANTS** plaintiff's "Second Motion to Extend Time to Amend Complaint." Doc. 8.

Meanwhile, Newton does not challenge the portion of the R&R advising dismissal of the individual defendants, so defendants Jeff Mullins and Mike Cerotti should be **DISMISSED** from this case. *See Simmons v. Five Star Quality Care, Inc.*, CV414-203, 2014 WL 6603759 at * 4 (S.D. Ga. Nov. 19, 2014), *adopted*, 2015 WL 307003 (S.D. Ga. Jan. 23, 2015). Should the district judge adopt this R&R, Food Lion will have to be served with process. To that end, the Court will implement the service procedure deployed in *Simmons*, 2014 WL 6603759 at * 4, which borrowed much from *Dunn v. Fed. Exp.*, 2014 WL 1028949 at * 3 (N.D. Ga. Mar 14, 2014).

That process unfolds in stages. Since the Court authorized IFP status for Newton, Rule 4 service must be made by the United States Marshals Service. Fed. R. Civ. P. 4(c)(3) (the court "must" order that service be made by the Marshal "if the plaintiff is authorized to proceed [IFP]"). These steps are required: The Clerk shall send to plaintiff a USM 285 form and a summons form. Within **twenty-one days** of that

mailing, plaintiff must *accurately* complete both forms[2] and return them to the Clerk, who will then forward a copy of each to the defendant. The Clerk is instructed to notify the undersigned if plaintiff fails to comply. Should plaintiff fail to comply, this action may be dismissed for failure to obey a Court order. Local Rule 41.1.

Should that phase of the Rule 4 service cycle be completed, the Clerk will prepare a service waiver package for the defendant. Rule 4(d)(1). That package must include: a Rule 4 Notice of Lawsuit and Request to Waive Service of Summons[3] (prepared by the Clerk); two copies of the Waiver of the Service of Summons form (prepared by the Clerk); an envelope addressed to the Clerk of Court with adequate first class postage for use by the defendant for return of the waiver form; one (1) copy of the Complaint; and one (1) copy of this Report and Recommendation ("R&R"). The Clerk shall retain and docket the original USM 285 forms and the summons returned by the plaintiff. *See*

---

[2] Both forms require the plaintiff to list the defendant's name and proper address. These forms may be addressed "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(d))(1)(A)(ii). A corporation's principal office address can be found here: https://ecorp.sos.ga.gov.

[3] The Clerk also shall complete the lower portion of the AO 398 Notice of Lawsuit and Request for Waiver form by printing plaintiff's name and also his address data.

*Dunn*, 2014 WL 1028949 at * 3.

Next, the Clerk shall mail the service waiver package to the defendant. The defendant is under a duty to avoid unnecessary costs of personally serving the summons. If it fails to comply with the mailed request for waiver of service, it must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form. Should the defendant fail to waive service within sixty (60) days following the date the service waiver package was mailed (the Clerk shall docket that act), the Clerk will prepare and transmit to the Marshal a service package. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint, plus a copy of this R&R. The Marshal will then promptly serve the defendant.[4] The executed

---

[4] Newton is suing an LLC, not an individual. Special considerations apply:

> Federal Rule of Civil Procedure 4(h)(1) requires that a corporation be served with process either "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Under Rule 4(h), [personal] service of process on a corporation may be effected by delivering a copy of the summons and the complaint to an officer of the corporation. The Eleventh Circuit has held that Rule 4(h) requires personal service on an agent of a corporation to properly perfect service. *Dyer v. Wal–Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009) ("[t]he term "delivering" appears to refer to personal service."). In *Dyer* the Court upheld dismissal of a *pro se* action on grounds of imperfect service where the complainant's only attempt at service was sending by certified mail a copy of the summons and complaint to the defendant corporation's registered agent.

waiver form or the completed USM 285 form shall be filed with the Clerk. *See Dunn*, 2014 WL 1028949 at * 2-3.

Following service of the complaint upon defendant Food Lion, LLC (again, this assumes the district judge will adopt this R&R and thus drop the two individual defendants), Newton must then serve Food Lion, LLC (through its counsel, if it is represented) a copy of every additional pleading or other document which he submits to the Clerk of the Court. He also shall include with each paper so filed a certificate stating the date on which he mailed an accurate copy of that paper to the defendant

---

Rule 4(h) also allows for service of a corporation in the manner prescribed by Rule 4(e)(1). Rule 4(e)(1) permits a claimant to perfect service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." In Georgia, a corporation is properly served by delivering a copy of both the summons and complaint to the president or other officer of such corporation, a managing agent thereof, or a registered agent thereof. O.C.G.A. § 9–11–4(e)(1)(A). "The mailing of a copy of the summons and complaint along with a request for acknowledgment of service to Defendant's registered agent is not sufficient under Georgia law to perfect service. The service upon a registered agent has to be personal." *Ritts v. Dealers Alliance Credit Corp.*, 989 F.Supp. 1475, 1478 (N.D.Ga.1997) (citing *Todd v. Harnischfeger Corp.*, 177 Ga.App. 356, 340 S.E.2d 22, 23 (Ga.Ct.App.1985)).

*Kennebrew v. Green Tree Servs. LLC*, 2014 WL 4956453 at * 2 (N.D. Ga. Oct. 2, 2014), quoted in *Moore v. PNC Mortg., N.A.*, 2015 WL 1931403 at * 2 (S.D. Ga. Apr. 28, 2015) (advising dismissal of *pro se* case against an LLC and John Doe defendants for failing to timely serve them), *later determination*, 2015 WL 3507321 at * 2 (S.D. Ga. June 2, 2015) (dismissing those defendants). Plaintiff is obligated to supply all necessary address data to enable the Marshal to serve Food Lion, LLC.

or its counsel. This Court will disregard any papers submitted which have not been properly filed with the Clerk or which do not include a certificate of service.

Finally, plaintiff also must keep the Court and any defendant advised of his current address at all times during the pendency of this action. Failure to do so may result in dismissal of his Complaint. He also must litigate his case, conduct and respond to any discovery, and comply with both the Federal Rules of Civil Procedure and this Court's Local Rules, which are available online: http://www.gasd.uscourts.gov/lr/lr1.htm.

**SO REPORTED AND RECOMMENDED,** this 9TH day of December, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA